IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DOLLIE R. HAGER,

          Plaintiff,

v.                                                   CIVIL ACTION NO.   3:19-0673

UNITED STATES OF AMERICA,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the United States' Motion to Dismiss. ECF No. 9. For the following reasons, the Court **GRANTS** the motion.

**I.**
**FACTUAL ALLEGATIONS**

The United States Army Corp of Engineers (USACE) operates and maintains a campground at the East Lynn Lake and Dam in East Lynn, West Virginia. Plaintiff Dollie R. Hager alleges that on or about July 3, 2014, she was at the campground and walking from a campsite toward a bathhouse when "she slipped, tripped and fell" into a latent culvert or hole on the path and was injured. *Compl.* at ¶¶6-9. Plaintiff asserts the USACE negligently and recklessly failed to exercise reasonable care, keep the area free from hazards, warn the public of the culvert or hole, and/or guard against access to it. *Id*. at ¶¶8, 12, 13, 16.

Prior to bringing this action, Plaintiff filed an administrative claim with the USACE. The claim was denied. Thereafter, Plaintiff brought this action under the Federal Tort Claims Act (FTCA). Initially, Plaintiff named the USACE as the sole Defendant. However, on

December 4, 2019, the Court granted the parties' joint motion to substitute the United States for the USACE as the appropriate Defendant in this action. The Government now moves to dismiss this action pursuant to Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure and the applicable federal law.

## II.
## DISCUSSION

In its motion, the Government argues this Court lacks subject matter jurisdiction because Plaintiff's claims are barred by sovereign immunity. Although the FTCA operates as a general waiver to sovereign immunity,[1] the Government argues that this case falls within "the discretionary function exception" to the FTCA, which is one of several types of claims in which immunity remains. *See Dolin v. U.S. Postal Service*, 546 U.S. 481, 485 (2006) ("The FTCA qualifies its waiver of sovereign immunity for certain categories of claims (13 in all). If one of the exceptions applies, the bar of sovereign immunity remains."). The discretionary function exception is found in 28 U.S.C. § 2680(a) and provides that immunity is not waived for:

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

---

[1]The FTCA generally allows suits against the United States for damages

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b), in part.

28 U.S.C. § 2680(a). When subject matter jurisdiction is challenged, as it is here, "it is the plaintiff's burden to show that an unequivocal waiver of sovereign immunity exists and that none of the statute's waiver exceptions apply to his particular claim. If the plaintiff fails to meet this burden, then the claim must be dismissed." *Welch v. United States*, 409 F.3d 646, 650–51 (4th Cir. 2005) (citations omitted).

The Supreme Court has explained that this exception "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." *United States v. Varig Airlines*, 467 U.S. 797, 808 (1984). Although the precise contours of the exception are impossible to define, the Supreme Court made clear "it is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case." *Id*. at 813. In this regard, a court must consider whether the acts at issue "are of the nature and quality that Congress intended to shield from tort liability." *Id*.

In *United States v. Gaubert*, 499 U.S. 315 (1991), the Supreme Court further explained that, when discretion is authorized by "governmental policy, as expressed or implied by statute, regulation, or agency guidelines, . . . it must be presumed that the agent's acts are grounded in policy when exercising that discretion." 499 U.S. at 324. When challenged by a motion to dismiss, a complaint must contain "facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime. The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred

by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis." *Id.* at 324-25 (footnote omitted).

In deciding whether the discretionary function test applies, the Supreme Court has developed a two-tier analysis. First, a court must determine "whether the action is a matter of choice for the acting employee." *Berkovitz v. U.S.*, 486 U.S. 531, 536 (1988). More precisely, the court should decide whether the employee's conduct was prescribed by federal statute, regulation or policy. *Id*. There is no discretion when the employee is acting pursuant to a mandatory statute, regulation, or policy. However, if the challenged conduct is not mandated, the court must move to the second part of the analysis and ask whether the action "in an objective, or general sense" is something that would be expected to be inherently based on public policy considerations. *Baum v. U.S.*, 986 F.2d 716, 720-21 (4th Cir. 1993). A governmental actor's negligence "is largely irrelevant to the discretionary function inquiry." *Id*. at 722 n.2.

In this case, Plaintiff has failed under the first step of the analysis to identify any mandatory federal statute, regulation, or policy that was violated by the design, installation, maintenance, operation, or lack of warning of the culvert. Thus, the Court must move to the second step of the analysis and determine if these decisions are inherently based on public policy considerations. Upon review, the Court agrees with the Government that they are.

Both by statute and regulation, the USACE is given discretionary authority in deciding how best to meet its responsibility of managing land and water runoff while simultaneously providing recreational activities for the public. Specifically, 16 U.S.C. § 460d

provides, in part, "[t]he Chief of Engineers, under the supervision of the Secretary of the Army, is authorized to construct, maintain, and operate public park and recreational facilities at water resource development projects under the control of the Department of the Army[.]" 16 U.S.C. § 460d , in part. Likewise, 36 C.F.R. § 327.1 states "[i]t is the policy of the Secretary of the Army, acting through the Chief of Engineers, to manage the natural, cultural and developed resources of each project in the public interest, providing the public with safe and healthful recreational opportunities while protecting and enhancing these resources." 36 C.F.R. § 327.1(a). Additionally, the USACE's Recreational Operations and Maintenance Guidance and Procedures, EP 1130-2-550, provides that the USACE's mission includes "provid[ing] quality public outdoor recreational experiences [and] . . . promot[ing] . . . sound environmental stewardship . . . [with] long-term public access to, and use of the natural resources."[2] EP 1130-2-550, at 2-1. Its Engineering and Design Manual, EM 1110-1-400, further directs engineers to design recreational facilities "[c]onsidering functional use, creative design, environmental harmony, and economy of construction, . . . [m]aintaining health, safety, security, and comfort of customers, . . . [c]reating user friendly areas and facilities, . . . [and] . . . [p]rotecting resources from physical and aesthetic degradation." EM 1110-1-400, at 1-3, 4.[3] As explained by the Government, it is impossible to make a natural outside environment completely safe without dramatically changing the natural character of the landscape itself, and it is left to the sound discretion of the USACE to determine

---

[2]USACE Engineering Pamplet 1130-2-550, at 1, available at https://www.publications.usace.army.mil/Portals/76/Publications/EngineerPamphlets/EP_1130-2-550.pdf?ver=2014-05-06-112201-410 (last visited May 18, 2020).

[3]Engineering Manual 1110-1-400, available at https://www.publications.usace.army.mil/Portals/76/Publications/EngineerManuals/EM_1110-1-400.pdf (last visited May 18, 2020).

how to balance those sometimes competing interests with other considerations such as costs. Certainly, the design, placement, and maintenance of a culvert fall within the exercise of that judgment. *See, e.g., Baum*, 986 F.2d at 718, 722, 724 (holding the design, construction, and maintenance of a guardrail system by the National Park Service are "just the kind of planning-level decisions of which the Court spoke in *Gaubert*" and fall within the discretionary function exception to the FTCA "to insulate [the agency's decision] from judicial second guessing"). Likewise, in *Hibble v. United States*, 133 F.3d 915 (4th Cir. 1998) (unpublished), the Fourth Circuit has held that a failure to post warning signs is a discretionary decision "inextricably tied to a variety of public policy considerations[.]" 133 F.3d at *2; *see also Miller v. U.S.*, 642 F. Supp.2d 437, 440, 443 (M.D. Pa. 2009) (finding the National Park Service's failure to provide "warning signs or pathway coverings over the drainage ditch" at a national park "is susceptible to a policy analysis, with the underlying policies being the economic concerns inherent in placing signs and coverings over every potential hazard throughout a nearly 6,000 acre park, as well as the environmental and aesthetic concerns of maintaining the historical integrity of the Park's landscape and initial commemorative features").

In *Navarrette v. United States*, No. C 04-00760 JSW, 2005 WL 1876057 (N.D. Cal. Aug. 8, 2005), the district court considered the exact same statute and regulation as cited by the USACE in this case. In *Navarrette,* the plaintiff fell off a rocky cliff near a campsite and alleged the USACE was negligent by failing to inspect for the hazard and by failing to erect signs and/or a barrier near the cliff. *Id*. at *1. After considering both 16 U.S.C.A. § 460d and 36 C.F.R. § 327.1, together with USACE's publications, the court determined that the USACE employees had "discretion to balance discretion to balance compet[ing] policy considerations in designing

campsites." *Id*. at *6. Therefore, the court held "the discretionary function exception applies and deprives the Court of jurisdiction to adjudicate this matter." *Id.* (footnote omitted).

In her Response, Plaintiff argues she should be permitted to do jurisdictional discovery to investigate the importance of the culvert at the campground and whether there are so many culverts at the campground it makes safety measures cost prohibitive. However, "[a] party is not entitled to discovery that would be futile or otherwise inadequate to establish a sufficient basis for jurisdiction," *Seaside Farm, Inc. v. U.S.*, 842 F.3d 853, 860 (4th Cir. 2016) (citing *Rich v. U.S.*, 811 F.3d 140, 146 (4th Cir. 2015)), or to go on a fishing expedition to find a basis for subject matter jurisdiction. *See Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 216 n.3 (4th Cir. 2002) (declining to overturn the district court's decision to deny discovery where "the plaintiff simply wants to conduct a fishing expedition in the hopes of discovering some basis of jurisdiction"). As previously mentioned, Plaintiff in this case has not identified any federal statute, regulation, or policy mandating the design, installation, maintenance, or operation of the culvert under the first step of the analysis. Additionally, under the second step, 16 U.S.C. § 460d, 36 C.F.R. § 327.1, and the USACE's publications squarely place those decisions within its discretion. Even if there is just one culvert and the cost of providing safety measures for that one culvert is minimal, the cost and importance of the culvert are merely factors the USACE may consider when it exercises its discretion in balancing its management of the land, water runoff, and recreational activities. The Court's role is not to delve into a fact-based inquiry to second-guess the USACE's decision about cost and importance of a single culvert. Instead, the Court's obligation is to "look to the nature of the challenged decision in an objective, or general sense, and ask whether that decision is one which would expect inherently to be grounded in considerations

of public policy." *Baum*, 986 F.2d at 720-21. Therefore, the Court denies Plaintiff's request for jurisdictional discovery.[4]

### III.
### CONCLUSION

Accordingly, for the foregoing reasons, the Court **FINDS** the discretionary function exception to the FTCA applies to Plaintiff's claim and it is barred by sovereign immunity. Therefore, the Court **GRANTS** the Government's Motion to Dismiss. ECF No. 9.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.[5]

ENTER: May 19, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[4] As part of her arguments, Plaintiff seeks to test the accuracy of the Declaration of Dale Smith, an engineer employed by the United States Army Corps of Engineers who serves as the Deputy Chief, Operations Division and previously served as manager of the East Fork Recreational Area. *Decl. of Dale Smith*, ECF No. 9-1. The Government attached the Declaration to its Motion to Dismiss to support its position there are no mandatory federal statutes, regulations, or policies governing culverts, the culvert was designed to carry away surface water, and USACE engineers use discretion when they design and install water control systems. However, the Court did not rely upon or consider Mr. Smith's declaration in ruling on the current motion. Therefore, there is no need for Plaintiff to challenge the Declaration.

[5] The Government also argues it is shielded from Plaintiff's action by West Virginia's Recreational Use Statute. *See* W. Va. Code § 19-25-1 *et seq.* As the Court finds the action is barred by sovereign immunity, the Court declines to address this issue.